

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXON
ATTORNEY GENERAL

Honorable O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-4374

Re: Are the $1,220,000.00 revenue bonds
issued by the Agricultural and
Mechanical College of Texas and
similar revenue bonds issued by
other State colleges eligible as
tax reducing "Texas securities"
under the provisions of the Robert-
son Law, Articles 4765-4769, as
amended, and as tax reducing secur-
ities under Article 7064, as amend-
ed, and are they eligible as au-
thorized securities under Article
4725, Vernon's Annotated Civil
Statutes?

Your letter requesting the opinion of this department
on the above stated question reads as follows:

"Please advise whether the $1,220,000
of revenue bonds issued by the Agricultural
and Mechanical College of Texas for the pur-
pose of building dormitories, equipping power
plants and building and equipping laundry
plants; and other similar revenue bonds issu-
ed by other State Colleges, such as John
Tarleton College at Stephenville (which is
a branch of A & M College), Texas State Col-
lege for Women, Denton; and Texas Technologi-
cal College at Lubbock, which revenue bonds
are not secured by valid first liens upon
Texas real estate but only by pledged revenue
of the Colleges by or the projects for which
they were issued, are eligible as tax reduc-
ing 'Texas securities' under the provisions
of the Robertson Law, Articles 4765-4769 as
amended, and as tax reducing securities under
Article 7064 as amended; and whether they
are eligible as authorized securities under
Article 4725."

Article 7064, Vernon's Annotated Civil Statutes, provides in part:

"Every insurance corporation, Lloyd's, or reciprocals, and any other organization or concern transacting the business of fire, marine, marine inland, accident, credit, title, livestock, fidelity, guaranty, surety, casualty, or any other kind or character of insurance business other than the business of life insurance, and other than fraternal benefit associations, within this State at the time of filing its annual statement, shall report to the Board of Insurance Commissioners the gross amount of premiums received upon property located in this State or on risks located in this State during the preceding year, and each of such insurance carriers shall pay an annual tax upon such gross premium receipts as follows: . . . If any such insurance carrier shall have as much as one fourth of its entire assets, as shown by said sworn statement, invested in any or all of the following securities: real estate in this State, bonds of this State or of any county, incorporated city or town of this State, or other property in this State in which by law such insurance carriers may invest their funds, then the annual tax of any such insurance carriers shall be one and one half (1 1/2) per cent of its said gross premium receipts; . . . ."

Article 4769, Vernon's Annotated Civil Statutes, provides in part:

"Each life insurance company not organized under the laws of this State, transacting business in this State, shall annually, on or before the 1st day of March, make a report to the Commissioner, which report shall be sworn to by either the president or vice president and secretary or treasurer of such company, which shall show the gross amount of premiums collected during the year ending on December 31st, preceding, from citizens of this State upon policies of insurance. Each such company shall pay annually a tax equal to four and sixty-five hundredths (4.65) per cent of such gross premium receipts.

When the report of the investment in Texas
securities, as defined by law, of any such
companies as of December 31st of any year
shall ·show that it has invested on said date
as much as thirty (30) per cent of its total
Texas reserves as defined by law, in promis-
sory notes or other obligations secured by
mortgage, deed of trust, or other lien on
Texas real estate and/or in loans to resi-
dents or held by such borrowers, the rate
of occupation tax shall be reduced to four
and five one hundredths (4.05) per cent;...
......"

Each of the above mentioned statutes provides for a
further reduction in taxes where greater amounts of the funds
mentioned in said statutes are invested in the securities there-
in named.

Article 4725, Vernon's Annotated Civil Statutes, sets
forth the securities in which a life insurance company organ-
ized under the laws of this State may invest or loan its se-
curities. This statute provides in part:

". . . . or in the bonds and warrants
of any educational institution of the State
of Texas, or any municipally owned water sys-
tem or sewer system when special revenues to
meet the principal and interest payments as
they accrue upon such obligations shall have
been appropriated, pledged or otherwise pro-
vided by such municipality or educational in-
stitution; . . . . ."

Article 4706, Vernon's Annotated Civil Statutes, sets
forth or names the securities in which insurance companies,
except companies writing life, health and accident insurance,
may invest their funds over and above their paid up capital
stock.

In view of the foregoing statutes you are advised that
it is the opinion of this department that the above mentioned
revenue bonds are not eligible as tax reducing "Texas secur-
ities" under Article 4769 or Article 7064, supra, because
such bonds are not promissory notes or other obligations se-
cured by a mortgage, deed of trust, or other lien on Texas
real estate, etc., as set forth in Article 4769 as eligible
tax reducing securities. The same can be said relative to
such bonds with reference to Article 7064 as such bonds do
not come within the securities mentioned in said article.

With reference to your question as to whether such bonds are eligible as authorized securities under Article 4725, Vernon's Annotated Civil Statutes, it is our opinion that such bonds are eligible as authorized securities under said article when the educational institution issuing such bonds provides revenues to meet the principal and interest payments as they accrue upon such obligations by appropriation, pledge or otherwise provided by such educational institution as authorized by Article 4725, supra.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Ardell Williams
Ardell Williams
Assistant

AW:GO:wc

APPROVED MAR 4, 1942
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee by s/BWB Chairman